UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELVIN COLLINS, | 3:08-CV-00114-RCJ-VPC |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| FRANCISCO SANCHEZ, et al., | |
| Defendants. | November 5, 2009 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court are plaintiff's motion for summary judgment (#26) and defendants' motion for summary judgment (#44). Defendants opposed plaintiff's motion (#31), and plaintiff replied (#34). Plaintiff opposed defendants' motion (#47), and defendants replied (#51). The court has thoroughly reviewed the record and the motions. For the reasons stated below, the court recommends that defendants' motion for summary judgment (#44) be granted and that plaintiff's motion for summary judgment (#26) be denied as moot.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Melvin Collins ("plaintiff") is currently incarcerated at Southern Desert Correctional Ceneter ("SDCC") in the custody of the Nevada Department of Corrections ("NDOC") (#36). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment right against cruel and unusual punishment (#1). Plaintiff names as defendants, Dr. Francisco Sanchez, SDCC Physician; Dr. David Mumford, SDCC Physician; Dr. Romeo Aranas, SDCC Physician; and Dr. R. Bruce Bannister, NDOC Medical Director. *Id.* pp. 3-4. Plaintiff claims that defendants' refusal to grant surgical repair to a direct inguinal hernia constitutes deliberate indifference to his serious medical needs. *Id.* p. 9.

The following facts are undisputed. On September 10, 2007, defendant Sanchez examined plaintiff who complained of pain. *Id.* p. 5. He diagnosed plaintiff with a direct inguinal hernia and

prescribed a hernia support and pain reliever. *Id.* p. 7. On September 27, 2007, plaintiff returned to defendant Sanchez and complained that the hernia support was "humiliating, painful, and hurt [his] groin." *Id.* Although plaintiff requested surgery, defendant Sanchez noted that surgery was not necessary at that time. He told plaintiff that surgery would be performed if his condition became an emergency. *Id.* p. 8. On October 3, 2007, defendant Mumford examined plaintiff and told him the same. *Id.* Five days later, defendant Aranas examined plaintiff and, like the previous two physicians, told plaintiff the same. *Id.* On October 29, 2007, defendant Sanchez examined plaintiff. *Id.* He prescribed additional medication for pain relief and fiber pills so as to relieve any strain during bowel movements.

On November 19, 2007, plaintiff wrote to defendant Bannister to say that the hernia had become more painful. *Id.* Defendant Bannister returned his letter and noted that the SDCC medical director would be asked to reevaluate plaintiff's situation. *Id.* p. 9. Dr. Mar (not named as a defendant) examined plaintiff in January 2008 (#40, Ex. A-7 (*sealed*)). He did not recommend surgery at that time, but he scheduled a follow-up appointment for two months later. *Id.* At the follow-up appointment, Dr. Mar requested that plaintiff see a surgeon (#40, Exs. A-8, A-9 (*sealed*)). Medical staff examined plaintiff on May 23, 2008. *Id.* Ultimately, the surgeon (also not named in the suit) examined plaintiff and determined surgery was necessary. The surgeon performed repair of the hernia in June 2008 (#40, Ex. A-11 (*sealed*)).

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A.   Discussion

#### 1.   Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B.    Analysis**

In his complaint, plaintiff alleges that defendants violated his Eighth Amendment right in their medical treatment of his direct inguinal hernia (#1). Specifically, plaintiff alleges that defendants denial of surgery in light of his increasing pain constitutes deliberate indifference to his serious medical needs. *Id.* In support of the instant motion, defendants submit plaintiff's medical records to demonstrate that plaintiff received medical care and that his complaint merely evidences a difference of opinion between plaintiff and defendants (#44).

### 1. Deliberate Indifference to Serious Medical Needs

A prisoner's claim of inadequate medical care arises under the Eighth Amendment. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To prevail on an action alleging cruel and unusual punishment, a plaintiff's case must satisfy an objective standard – that the deprivation was serious enough to amount to cruel and unusual punishment, and a subjective standard – deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 297-304 (1991). A prison official violates the Eighth Amendment when he responds with deliberate indifference to an inmate's serious medical need. *Farmer*, 511 U.S. at 834.

The objective requirement of a "serious medical need" is met if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In this circuit, examples of serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citations omitted).

The subjective standard of deliberate indifference requires "'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835, (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id.* at 836. To prove deliberate indifference, plaintiff must demonstrate that prison staff denied, delayed, or intentionally interfered with medical treatment or that the way prison staff provided medical care indicates deliberate indifference, and that plaintiff sustained damages as a result of such conduct. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Prison medical staff do not violate the Eighth Amendment simply because their opinion concerning medical treatment conflicts with the opinion of the inmate-patient. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Moreover, "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd.*

4

*of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam); *accord McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).

In this case, defendants maintain that plaintiff's alleged claim of deliberate indifference centers on nothing more than mere delay of surgery (#44), and the court agrees. Plaintiff received medical treatment from the initial diagnosis to the ultimate surgery. By plaintiff's own admissions, defendants examined plaintiff no less than eight times in regard to his inguinal hernia (#1). Defendants advised him to refrain from particular activities, provided plaintiff with medical equipment such as a hernia truss, and prescribed pain relievers in response to plaintiff's complaints of pain (#40, Ex. A (*sealed*)). Plaintiff obviously disagrees with defendants' course of treatment, but such disagreement does not amount to a constitutional violation. Plaintiff submits excerpts of articles from medical journals, one which notes that "inguinal hernias should always be repaired" and another which notes that "watchful waiting is a safe and acceptable option for men with asymptomatic or minimally symptomatic inguinal hernias" (#47, Ex. 1). Plaintiff seeks to demonstrate that defendants deviated from the standard of care. Assuming plaintiff is correct, this argument still falls short because "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Defendants here did not delay or deny treatment. Instead, defendants delayed a particular course of treatment until plaintiff presented symptoms which required surgery. Defendants neither purposely ignored nor failed to respond to plaintiff's complaints of pain. "An inmate's complaint of inadequate medical care amounts to a constitutional violation if the inmate alleges acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990), *citing Estelle*, 429 U.S. at 106. Defendants treatment did not result in any troublesome complications to the hernia. Plaintiff has thus not presented any evidence to demonstrate that defendants were deliberately indifferent to his serious medical needs.

Therefore, summary judgment for all defendants is proper.[1]

---

[1] Plaintiff also made a claim for injunctive relief - surgical repair the hernia - but, as the above facts make clear, plaintiff has received the relief he sought. Where the activities sought to be enjoined

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has not demonstrated that defendants were deliberately indifferent to plaintiff's serious medical needs. As such, the court recommends that defendants' motion for summary judgment (#44) be **GRANTED**. The court further recommends that plaintiff's motion for summary judgment (#26) be **DENIED** as moot. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (#44) be **GRANTED** and that plaintiff's motion for summary judgment (#26) be **DENIED** as moot.

**DATED**: November 5, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

already have occurred, and the court cannot undo what has already been done, the action is moot. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002). Therefore, plaintiff's claim for injunctive relief is moot. However, satisfaction of plaintiff's injunctive relief does not moot his claim for compensatory damages. *See id.* at 872.